7667

#### WALKER v. ALVERSON.

WILLS—REMAINDERS.—Under a will devising lands to my husband, T.,
during his natural life, and after his decease to my cousin, R.; but
if R. should predecease T., leaving no heir or heirs, then over;
R. took a vested remainder subject to be divested by her death
before the life tenant leaving no heir or heirs.
*Cases reviewed.*

Before MEMMINGER, J., Spartanburg, May, 1909. Reversed.

Action by Roxana Walker against Selva Alverson *et al.* From judgment for plaintiff, defendants appeal.

*Messrs. Nichols & Nichols* and *Wm. M. Jones,* for appellants, cite: *Common law distinctions are not abrogated:* Code 1902, 2353, 2465; Dud. Eq., 115. *Rule of remainder at common law:* 1 Fearne on Rem., 216; 2 Wendell's Blackstone, 170; 4 Kent Com., 206; 10 Ency., 1 ed., 838-842, 849-851; Hill Ch., 357; 4 Rich. Eq., 276; 2 S. C., 72; 21 S. C., 529; 29 S. C., 285; 44 S. C., 512; 10 S. C., 382; 21 S. C., 71; 69 S. C., 481. *When vested:* Hill's Ch., 319; 44 S. C., 823; 26 S. C., 421.

*Messrs. Johnson & Nash,* contra, cite: *Contingent remainder is not subject to exception:* 17 S. C., 952; 26 S. C., 450; 2 Hill's Eq., 235; 11 Ency., 631. *This remainder is contingent:* 69 S. C., 503; Hopkins on Real Prop., 291; 2 Wash. Real Prop., 629; 20 Ency., 882; 74 S. C., 47; 7 L. R. A., N. S., 433. *Test of remainders:* 10 S. C., 387; 52 S. C., 512; 74 S. C., 48; 20 S. C., 76; 23 S. C., 512; 26 S. C., 470; 54 S. C., 421; 22 S. C., 328; 38 S. C., 74; 16 S. C., 316, 424; 66 S. C., 370; 69 S. C., 289, 513; 78 S. C., 118; 79 S. C., 409; 38 S. C., 197. *Contingent remainder may depend on survivorship:* 20 S. C., 72; 26 S. C., 470; 38 S. C., 74; 54 S. C., 421; 69 S. C., 288; 19 S. C., 323; 66 S. C., 370; 10 S. C., 387; 75 Ga., 377; 4 Rich. Eq., 276; 112 N. C., 1; 108 Ind., 264. *Vested remainder subjected to be divested:* 110 N. C., 93; Tiffany on Real Estate, 285, 286; 2 S. C., 6. *Last provision of will governs:* 1 Hill Ch., 360; McM. Eq., 201; 10 S. C., 386.

September 20, 1910. · The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    Mary Ann Johnson disposed of
her property, real and personal, by her will, as follows:

Item 2. "I give, bequeath and devise all of my property
* * * unto my beloved husband, Thomas P. Johnson, for
his sole use and control, during his natural life.

Item 3. "After the decease of my husband, it is my will
and desire that my cousin, Roxana Sowell, or her heirs, shall
come into possession of all my property, both personal and
real, forever.

Item 4. "In the event, if my cousin, Roxana Sowell, shall
decease before my husband, Thomas P. Johnson, leaving no
heir or heirs, I will and desire that the heirs of my brother,
S. James Ellis, or their heirs shall inherit all of my estate,
after the death of my husband, Thomas P. Johnson." ·

During the life of Thomas P. Johnson the interest of
Roxana Sowell (now Walker) in the real estate was sold
under execution against her.    The defendant is in posses-
sion, claiming under the purchaser at that sale.    After the
death of the life tenant, Roxana brought this action to
recover the possession of the land.

If the limitation to her was a contingent remainder, the
purchaser at the sheriff's sale took nothing, and she is
entitled to recover.    But if her interest was a vested remain-
der, it was conveyed by the sheriff's deed, and the defendant
is entitled to retain the possession.    *Allston* v. *Bank,* 2 Hill
Eq., 235; *Roundtree* v. *Roundtree,* 26 S. C., 450, 2 S.
E., 474.

The sole question, therefore, is: Was the limitation to
Roxana a contingent or a vested remainder?  The master
and Circuit Court held that it was contingent, and gave
judgment for plaintiff.

The law favors the vesting of estates at the earliest time
possible; and no remainder will be construed to be contin-
gent which may, consistently with the intention, be deemed
vested.    4 Kent, 195.   "Whenever there is a doubt as to
the quantity of the estate devised, or whether it is vested. the

rule is to presume that the testator intended to give an abso-
lute, rather than a qualified estate, and a vested rather than a
contingent interest; and even where the words import a
contingency, but do not create a condition precedent, they
give a vested interest to the devisee, subject, however, to be
divested if the contingency should not happen." *Smith* v.
*Hilliard,* 3 Strob. Eq., 223-4.

In considering the difference between vested and con-
tingent remainders, Mr. Fearne calls attention to the confu-
sion which sometimes arises from the failure to observe the
distinction between the uncertainty which makes a remainder
contingent, and the uncertainty of its ever taking effect in
possession, "a distinction," he says, "not always attended to,
but absolutely requisite to complete an accurate notion of
what is in law considered as a contingent estate. For wher-
ever there is a particular estate, the determination of which
does not depend on any uncertain event, and a remainder is
thereon absolutely limited to a person *in esse* and ascer-
tained; in that case, notwithstanding the nature and duration
of the estate limited in remainder may be such, as that it
may not endure beyond the particular estate, and may there-
fore never take effect or vest in possession, yet it is not a
contingent, but a vested remainder. As if a lease be to A
for life, remainder to B for life or in tail; here, notwith-
standing B may possibly die, or die without issue in the life-
time of A, and consequently never come into possession, yet
is his remainder vested in interest, and by no means com-
prised in the legal notion of a contingent estate. It is not
the uncertainty of ever taking effect in possession that makes
a remainder contingent; for to that, every remainder for life
or in tail is and must be liable; as the remainderman may die,
or die without issue before the death of the tenant for life.
The present capacity of taking effect in possession, if the
possession were to become vacant, and not the certainty that
the possession will become vacant before the estate limited in
remainder determines, universally distinguishes a vested

remainder from one that is contingent. Fearne on Rem. 215. Again, at page 216, he says: "Wherever the preceding estate is limited, so as to determine on an event which certainly must happen; and the remainder is so limited to a person *in esse,* and ascertained, that the preceding estate may, by any means, determine before the expiration of the estate limited in remainder; such remainder is vested." Chancellor Kent thus expresses the difference: "It is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment which marks the difference between a vested and contingent interest." 4 Kent, 198. Mr. Washburne says: "A vested remainder is one the owner of which has the present capacity of taking the seizin in case the particular estate were to determine. But no degree of uncertainty as to the remainderman's ever enjoying his remainder will render it contingent, provided he has, by the limitation, a present absolute right to enjoy the estate the instant the prior estate should determine." 2 Wash. Real Prop., sec. 1541. In *Faber* v. *Police,* 10 S. C., 376-387, this Court pointed out the distinction between vested and contingent remainders as follows: "The most marked distinction between the two kinds of remainders is that, in the one case, the *right to the estate* is fixed and certain, though the *right to the possession* is deferred to some future period; while in the other the *right to the estate* as well as the *right to the possession* of such estate is not only deferred to a future period, but is dependent on the happening of some future contingency."

With these rules and distinctions before us, let us examine the will to ascertain the intention of the testatrix, for to that we must give effect, unless it conflicts with some rule of law. After the death of her husband (a certain event), she gives the property to Roxana (a person *in esse,* and ascertained), or her heirs. If she had said no more, there would be no difficulty. But, after having given her property unqualifiedly to Roxana, she says, in the next clause, "in the event, if my cousin, Roxana, shall decease before my hus-

band, I will and desire that the heirs of my brother, S. James Ellis, or their heirs, shall inherit all of my estate, after the death of my husband." The previous devise to Roxana manifests the intention that she should take in preference to the Ellis heirs. But the context shows that after testatrix had given Roxana the estate, it occurred to her that she might die before the life tenant, without leaving heirs, and to provide for that contingency, she made the devise over. It is contended that the contingency expressed in the limitation over cut down the absolute interest previously given to Roxana, and made it contingent upon her surviving the life tenant. That depends upon whether the contingency expressed in the devise over is so incorporated into the substance of the gift to Roxana as to make her right to the estate depend upon her surviving the life tenant; or, whether the testatrix, having in mind the uncertainty of her actual enjoyment of the estate, intended merely to provide for that contingency. We think the two clauses of the will taken together show the latter to have been her intention. If there had been no limitation over, precisely the same uncertainty as to Roxana's actual enjoyment of the estate would have existed. It is more consistent, therefore, with the intention expressed in the third clause of the will to give the estate to Roxana to hold that the fourth clause creates only a condition subsequent upon the happening of which the estate, already vested, will be divested. When a gift is made in one clause of a will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given.

While a contingent remainder is one limited to take effect either to a dubious and uncertain person or upon a dubious and uncertain event, it does not follow that every remainder which is subject to a contingency or a condition is, therefore,

a contingent remainder. The condition may be precedent
or it may be subsequent; if the former, the remainder is con-
tingent; if the latter, it is vested, though it may be divested
by the happening of the condition.

There is a class of cases which closely resemble, in the
rules of construction applicable, the case under consideration,
in which vested remainders are limited in terms which seem
to import contingency; but the contingent expressions are
construed to denote merely the time when the estate is to take
effect in actual possession; as, for example, when an estate is
limited to one, "if," or "when," or "as soon as" he attains a
certain age, with a limitation over, in case he dies under the
age specified, or dies under that age without issue, etc. There
the words of apparent contingency are held, not to create a
condition precedent to the right of enjoyment, or to denote
the time when the interest shall vest, but merely the time
when enjoyment in possession shall commence, or when an
estate already vested shall be divested.

The case of *Rivers* v. *Fripp,* 4 Rich. Eq., 276, is an illus-
tration of the rule. In that case, the devise was to testator's
wife for life, and after her death to his son for life; "and
from and immediately after the death of my wife and son,
unto the issue of my said son living at the time of his death,
who shall live to attain the full age of twenty-one years, or
who, dying before that time, shall leave issue to live until
the time at which the parent or parents, if alive, would have
reached the age of twenty-one years;" and, in default of
such issue, then, over,—*held,* to give a vested but defeasible
interest, with immediate right to the rents and profits, to a
child of the son who survived both the wife and son,
although such child died under twenty-one years of age,
leaving no issue which lived until the time at which the
parent, if alive, would have been twenty-one years of age.
*Seabrook* v. *Gregg,* 2 S. C., 68, is another case construing
the limitations of a will which, if not identical, are not mate-
rially different from those contained in the will construed in

*Rivers* v. *Fripp.* In both these cases, the English cases which established the rule of construction are reviewed at some length. The doctrine of these cases has never been questioned, and they are in accord with the current decisions, English and American, upon the point decided. In *Rivers* v. *Fripp,* at page 278, the Court said: "The authorities concur that this inquiry must be determined by the sense in which the testator intended the devisee's interest in the property to depend upon his attaining the specified age. Thus, a devise to a person, if he shall live to attain a particular age, standing alone, would be contingent; yet if it be followed by a limitation over in case he die under such age, the devise over is considered as explanatory of the sense in which the term is used, to wit: that, at that age, the estate should become absolute and indefeasible. The interest in question, therefore, is construed to vest *instanter.* 1 Jarman on Wills, 738." So, here, the devise over is explanatory of the sense in which the testatrix intended the devise to Roxana to depend upon her surviving the life tenant, to wit: that, at that time (the death of the life tenant), the estate should become absolute and indefeasible.

In *Haynsworth* v. *Haynsworth,* 12 Rich. Eq., 114, donor conveyed real and personal property to the use of his granddaughter, M., wife of H., for life, and, after her death, to the use of H. for life, and after his death to the use of the children born and hereafter to be born of the said M. and their heirs; but should the said M. and the said H. *both* die without *leaving* children living at the time of their decease, born of the said M., then over. M. afterwards died, leaving H. and one child surviving her, and the child then died, leaving H. surviving him: *Held,* that the child took a vested transmissible interest, which became indefeasible at the death of M. leaving him surviving her; and consequently that the limitation over could not take effect. In the Circuit decree, which was affirmed upon that point, Chancellor Carroll uses the following language: "If the words employed be in other

respects sufficient to pass a present interest, the mere circumstances of its being limited over on a contingency does not, in itself, prevent the interest from vesting. *Rutledge* v. *Rutledge,* Dud. Eq., 205; *Skey* v. *Barnes,* 3 Meri., 340. On the contrary, there is high authority for the proposition that it has precisely the opposite effect." A limitation over in case of the prior devisee dying under certain circumstances, or before attaining a certain age, or in case of his dying before the life tenant, etc., is an argument in favor of the prior devisee's taking an immediately vested interest; for, as said by Tindall, C. J., in *Phipps* v. *Ackers,* 9 Clarke & Fin., 583, the limitation over "sufficiently shows the meaning of the testator to have been that, *the first devisee should take whatever interest the party claiming under the devise over is not entitled to,* which, of course, gives him the immediate interest, subject only to the chance of its being divested on a future contingency." It shows, therefore, that the prior devisee is the preferable object of the testator's bounty, from which a presumption arises of an intention that the estate should vest in him, subject to the divesting contingency. *Smith* v. *Hilliard, supra.* See, also, *Rutledge* v. *Rutledge,* Dud. Eq., 205; *Kersh* v. *Yongue,* 7 Rich. Eq., 100; *Boykin* v. *Boykin,* 21 S. C., 529; *Brown* v. *McCall,* 44 S. C., 503, 22 S. E., 823, and *Woodley* v. *Calhoun,* 69 S. C., 290, 48 S. E., 272.

There is another class of cases which are analogous to the one we are now considering, in which Mr. Fearne says, "the contingency, upon which an estate is limited, has been considered as a condition subsequent instead of precedent, so that the estate becomes vested immediately, subject to be defeated by the condition when it happens, in the room of not taking effect till such condition happen." He gives the case of *Stocker* v. *Edwards,* 2 Snow., 398, as an instance. In that case there was a surrender of copyholds to the use of the surrenderor for life, and afterwards to the use of his youngest son, and the heirs of his body, if he attained the

age of eighteen, and if he died before eighteen without issue
male, then to the right heirs of A.; it was held to be a condi-
tion subsequent with respect to the youngest son; and, there-
fore, the remainder vested immediately, subject to be
defeated by the condition of his dying without issue male
before he attained the age of eighteen.    The doctrine of
Stocker v. Edwards upon this point, was recognized in
*Bromfield* v. *Crowder,* 1 New Rep. (B. & P.), 313, where
testator devised all his estate to D. and R. for their lives
successively, and after the death of the survivor, to B. if he
lived to attain the age of twenty-one, but not otherwise; and
in case he died before attaining that age, over.    Both D. and
R. died while B. was under twenty-one: *Held,* that B. took a
vested estate in fee simple, defeasible on his dying under the
age of twenty-one.

. In *Phipps* v. *Ackers,* 9 Clarke & Fin., 583, the earlier Eng-
lish cases were reviewed and the doctrine established by
them reaffirmed.

There is still another class of cases to which this case
belongs, in which the same rule of construction is applied.
and that is where the contingency is the devisee's surviving
the life tenant.

In *Williamson* v. *Field's Executors,* 2 Sand. Ch., 533, it is
said: "When the person to whom a remainder, after a life
estate, is limited, is ascertained, and the event upon which it
is to take effect is certain to happen, it is a vested remainder,
although, by its terms, it may be entirely defeated by the
death of such person before the termination of the particular
estate."

In *Blanchard* v. *Blanchard,* 1 Allen (Mass.), 233, there
was a devise to the wife for life, and after her death, to five
children by name, with a proviso that, if any of the children
named should die before the wife, the property should be
equally divided amongst the survivors, except those so dying
should leave issue, and, in that case, to the issue: *Held,* that
the portion of the will preceding the proviso was a devise to

the wife for life, remainder, at her death, to the children named; and, there being, in that portion of the will, no words of contingency such as "if they shall be living at her death," or, "to such of them as shall be living at her death," or other words apt and proper to create a condition precedent and thereby make the remainders contingent, the remainders were vested, subject to be divested by the happening of the condition.

In *Mercantile Bank* v. *Ballard,* 83 Ky., 481, 4 Am. St. Rep. 160, the devise was to the use of B for life; after her death, to be conveyed to her children and their descendants in the same proportion as if it had descended from her; but if she left no child, nor descendant of a child, to the use of C: *Held,* that the children of B, living at the death of testator, took a vested fee simple, subject to be divested by their dying before B. The Court said: "A devise to A for life, remainder to B, but if B is dead at the termination of the life estate, then to C, passes to B a vested estate, and a .contingent interest to C."

In *Avery* v. *Everett,* 110 N. Y., 317, 6 Am. St. Rep., 368, a devise to the testator's wife for life, remainder to his son, C. H., and in case C. H. should die without children, then, after the wife's death and the son's death, to A. S., a nephew, was held to give C. H. a vested fee at testator's death, subject to be defeated by his death without children.

In *Ducker* v. *Burnham,* 146 Ill., 9, 37 Am. St. Rep., 135, a devise to the testator's wife for life, with full power of sale; remainder to five children named, to be divided equally amongst them; in case of the death of any of them, without issue, either before testator, or before receiving the portions given them, the share of such to be equally divided amongst the survivors: *Held,* each of the children took a vested remainder, subject to be divested by the exercise of the power of sale or by death, without issue, before the life tenant.

In *Finch* v. *Lane*, L. R., 10 Eq., 501, the devise was to testator's wife for life, remainder, as to part, to his brother for life, and after the death of the wife, subject to the brother's interest in the part, to M. in fee, if she should be living at the death of the wife, but if she should die before the wife without leaving issue, then over. M. died before the widow, but left issue: *Held*, that M. took a vested remainder. That case seems to be directly in point and as near on all fours with this case as well can be. It was decided on the authority of *Phipps* v. *Ackers*.

Both the master and the Circuit Judge seem to have based their conclusion, in part, at least, upon the application of a test laid down in *Faber* v. *Police*, 10 S. C., at page 388, for determining whether a remainder is vested or contingent, to wit: "To inquire whether the person claiming such remainder, being *sui juris*, could, by uniting with the owner of the particular estate, convey a fee simple title. If he could, such a remainder must be regarded as vested; otherwise, it is contingent." Whatever may be said of the applicability and reliability of that test in ordinary cases, it is obvious that it fails, when applied to the case of a remainder which is vested, subject to a divesting contingency, and, also, to the case of a vested remainder to a class, some of whom are not *in esse*. That there are such vested remainders, all the authorities are agreed.

The cases above cited fully illustrate the principles upon which this case must be decided. Our conclusion is that Roxana took a vested interest, subject to be divested by her death before the life tenant, leaving no heir or heirs. Her interest, therefore, passed under the sheriff's deed, and she cannot recover.

Judgment reversed.

MR. JUSTICE GARY *dissents.*