## 9109

### LANE v. DILLON *ET AL.*

(85 S. E. 369.)

LIMITATIONS OF ESTATES.   FEES CONDITIONAL.

A devise to A and the heirs of his body, to have and to hold during the term of his natural life, then to go to the heirs of his body, and a codicil, providing as to the land so devised, A should have full power to dispose of same, if he should so elect, for his own benefit and advantage, gave no estate to the heirs of his body as purchasers, and a deed of conveyance by A, after birth of issue, conveyed the fee in the land to his grantee.

Before WILSON, J., Dillon, October, 1914.   Reversed.

Action by R. L. Lane against T. A. Dillon and others to quiet title to certain lands. From judgment dismissing complaint, the plaintiff appeals. The facts are stated in the opinion.

*Messrs. L. D. Lide* and *Joe P. Lane,* for appellant, cite: 67 S. C. 130; 8 Rich. Eq. 10; 3 Hill 193; 11 Rich. 394; 76 S. C. 487; 16 S. C. 290; 67 S. C. 307; 91 S. C. 300; 47 S. C. 288; 16 S. C. 290; 67 S. C. 300; 47 S. C. 288.

*Messrs. J. W. Johnson* and *Gibson & Muller,* for respondents, cite: 16 S. C. 293; 48 S. C. 440; 94 S. C. 308; 1 Strob. Eq. 346; 1 Rich. Eq. 404; 97 S. C. 308; 1 Strob. Eq. 346; 1 Rich. Eq. 404; 97 S. C. 116.

May 19, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In separate paragraphs or items of their will testators devised certain lands to each of their children by name, "and the heirs of his body." The devise to plaintiff's grantor, omitting the description of the land, reads: "Item. We give and devise to our beloved son, Benjamin F. McDaniel, and the heirs of his body, thirty acres," etc. The others are in

the same language, except the name of the devisee and description of the land devised.

Following these devises, but in a separate paragraph, are these words:

"To have and to hold during the term of their natural lives, then to go to the heirs·of their bodies."

About a year after the execution of the will a codicil was added, the material part of which reads: "Item. That the land given and bequeathed in our first will and testament to our son, James A. McDaniel, Jr., and the heirs of his body, we do hereby give and bequeath unto him with full power to himself to dispose of it, if he may so elect, and the better to enable him, our said son, James A. McDaniel, Jr., to dispose of the same to his own benefit and advantage, we have this day given him a deed for the same."

Having children, B. F. McDaniel conveyed the land devised to him in fee simple to plaintiff. His children, being advised that he had only a life estate, conveyed the remainder to J. W. Dillon & Son, under whom defendant, T. A. Dillon, claims it, after the death of B. F. McDaniel, who is still living.

The question is, what estate did B. F. McDaniel take under the will? The defendant, Dillon, relies upon the clause of the will above quoted, which, for brevity, is called the *habendum,* and the codicil to show an intention that each devisee should take only a life estate with remainder to the heirs of his body as purchasers.

The *habendum* does show the intention that each devisee shall take only a life estate. It says so plainly. But, in equally plain terms, the remainder is limited to "the heirs of their bodies." The word "their," in this clause, evidently refers only to the immediate devisees—the sons and daughters—and does not include "the heirs of their bodies," so as to qualify those words, as used in the several devises, and make them words of purchase. The rule is well settled that, when technical words are used, they must have their

technical meaning, unless a contrary intention clearly appears from the whole instrument. There is nothing in the *habendum* clause from which we could infer the intention that the words "heirs of their bodies" should not have their technical meaning; nor can such an inference be drawn from the codicil. It does not appear whether the devisee therein named had issue. The codicil might, therefore, have been executed because he had no issue or to enable him to dispose of his land before the death of testators, as it recites that a deed therefor was executed, or it might have been because testators were ignorant of the legal effect of their devises. In such matters we cannot speculate. Certain it is, that neither the *habendum* clause, nor the codicil, nor both together, warrant a clear inference that the words "heirs of their bodies" were not used in their legal sense. This being so, they must have that meaning; and, giving them that meaning, the conclusion is inevitable that plaintiff's grantor took a fee conditional and his conveyance to plaintiff vested in him a fee simple title. The cases cited by appellant fully sustain this conclusion.

Judgment reversed.