9456

BOYD v. HALL *ET AL.*

(89 S. E. 403.)

WILLS—CONSTRUCTION —VESTED REMAINDER —POSTPONEMENT OF ENJOY-
MENT.—A devise to the testator's wife for life, or until her remar-
riage, with remainder over to his children, *held* to create a vested
remainder, since the right to the estate is fixed, only the time for
its enjoyment being postponed.

Before MOORE, J., Abbeville, March, 1915. Reversed.

Actions by Jesse Boyd and others against W. N. Hall and
against Robert B. Bowen. Judgments for plaintiffs, and
defendants appeal.

*Messrs. J. M. Nickles, W. N. Hall, D. H. Hill,* and
*Robt. B. Bowen,* for appellants. *Mr. Nickles* submits:
*That the children of testator living at the time of his*
*death then took a vested interest,* and cites: 107 N. E.
729; 87 S. C. 55; 120 Ill. 362; 11 N. E. 351; 139 Ill. 433;
28 N. E. 751; 108 N. E. 787; 89 S. C. 561; 1 Jarman Wills
(3d ed.) 408; 107 N. E. 65; Schouler Wills (5th ed.), sec.
563, p. 728; 95 S. C. 86; 19 S. C. 352; 21 S. C. 513; 70 S.
C. 33; 6 Rich. Eq. 26; 16 S. C. 220, 227; 25 S. C. 289.

*Mr. Wm. N. Graydon,* for respondent, cites: 26 Ohio C.
C. 702; 143 N. Y. 125; 38 N. E. 104; 100 Tenn. 391; 45
S. W. 676.

July 13, 1916.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

These two actions by agreement were heard by his Honor,
Judge Moore, and a jury, at the March term of Court, 1915,
for Abbeville county, and after jury was impaneled it was

stated to the Court that the cases involved only questions of
law, the construction of the will of William Boyd, who died
in November, 1870, and that plaintiff's right to recover
depended solely upon the construction of the will. The evi-
dence was almost entirely documentary and admitted by
agreement of counsel. After argument Judge Moore held
that the plaintiffs took an interest in the real estate under
the will and directed a verdict in favor of the plaintiffs.
Notice of intention to appeal was duly given, but by agree-
ment of counsel this appeal was not to be perfected until
after final judgment. The plaintiff, W. F. Boyd, died
shortly after this trial, and by consent the present plaintiffs
were substituted.

At the October term of the Court, 1915, Special Presiding
Judge F. L. Willcox signed a decree for the sale and division
of the real estate, in which it was held that the plaintiffs had
an interest, and final judgment was entered from which
defendants appeal, and by the exceptions raise this question
which is the only one in the case:

"Did the Circuit Court properly construe the will of Wil-
liam Boyd? Did the children of the testator, William Boyd,
take a vested, transmissible interest at the time of his death,
or did they take a contingent interest, the vesting of which
depended upon their surviving the life tenant?"

The will of William Boyd, the only part of it which
refers to the disposition of his property, is as follows:

"First. I give to my beloved wife, Sarah Ann, all of my
estate, both real and personal, during her natural life of
widowhood with the privilege of selling (if necessary) such
personal property as can be spared for the support of the
family or to educate the children, and provided she should
marry, I wish the property to return back to the estate and
be sold and divided, and each legatee receive their respective
shares, the property not to be squandered or made way with
unnecessarily, and provided she should remain a widow until
her death, I wish the property to remain uninterrupted until

her death, and then be divided, if the legatees can agree, and if they cannot agree, for all to be sold and the proceeds equally divided, share for share with my lawful heirs."

The testator at his death left surviving him his widow, the life tenant, and four children, all of whom survived the life tenant, except James F. Boyd, who died in 1881, leaving surviving him two children, the plaintiffs in this action. In February, 1881, James F. Boyd and the widow, Sarah Boyd, executed a mortgage and conveyed to W. N. Hall, by way of mortgage, all of their interest in a tract of land of 90 acres belonging to the estate of William Boyd. This mortgage was foreclosed and the land purchased by W. N. Hall. Sarah Boyd, the widow of William Boyd, never remarried and died in September, 1914.

We are of the opinion that the manifest intention of the testator was to create a vested interest at his death in his children, the enjoyment of which was postponed until the death or remarriage of his widow, Sarah Ann Boyd. Under the will, his children took a vested interest at his death, which vested interest of the children living at the time of testator's death was postponed until the death of the life tenant or until she married again. Until or death or remarriage there could be no division of the property and enjoyment of it by the children. The trouble was the Circuit Judge misconceived the difference between a vested interest and the enjoyment of that interest. Under the will here at the death of the testator, the interest of his children was fixed and vested and the division and enjoyment of that interest was later, to wit, or at the death of the widow, the life tenant, or her marrying again.

Justice McIver, in *Faber* v. *Police,* 10 S. C. 387, says:

"According to the elementary writers, a vested remainder is one which is limited to an ascertained person in being, whose right to the estate is fixed and certain, and does not depend upon the happening of any future event, but whose

enjoyment in possession is postponed to some future time. A contingent remainder, on the other hand, is one which is limited to a person not in being or not ascertained; or, if limited to an ascertained person, it so limited that his right to the estate depends upon some contingency in the future. So that the most marked distinction between the two kinds of remainders is that in the one case the right to the estate is fixed and certain, though the right to the possession is deferred to some future period, while in the other the right to the estate as well as the right to the possession of such estate is not only deferred to a future period, but is dependent upon the happening of some future contingency. As it has been well expressed, 'it is not the uncertainty of the estate in the future, but the uncertainty of the right of such enjoyment which marks the difference between a contingent and a vested remainder.' "

We hold that the will of William Boyd created an estate in vested remainder and not in contingent remainder, that his children living at his death had a fixed right to his estate, that this right was fixed and certain, and that the right of possession was deferred to a future period, the death of the life tenant or her remarriage, when either contingency happened; that is, if she remarried or when she died, the right of possession attached. His Honor was in error in holding that the will created a contingent remainder. James F. Boyd, the son, took under the will of his father a vested interest.

The exceptions 1, 2, 3, 4, 5 and 7, must be sustained.

The 6th exception, which complains of error on the part of his Honor in not directing a verdict in favor of defendant, must be overruled, as record fails to show that any such motion was made to the Circuit Court.

Judgments reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and GAGE concur in the opinion of the Court.

MR. JUSTICE FRASER, *dissenting.* William Boyd died leaving of force his will in which he provides:

"I give to my beloved wife, Sarah Ann, all of my estate, both real and personal, during her natural life or widowhood with the privilege of selling (if necessary) such personal property as can be spared for the support of the family or to educate the children, and provided she should marry I wish the *property to return back to the estate* (italics mine) and be sold and divided and each legatee receive their respective shares, the property not to be squandered or made way with unnecessarily, and provided she should remain a widow until her death, I wish the property to remain uninterrupted until her death, and then be divided if the legatees can agree, and if they cannot agree, for all to be sold and the proceeds equally divided, share for share with my lawful heirs."

It will be observed that the estate is given to Mrs. Boyd, not for her benefit alone, but for the support and education of the family of the testator. If she had married again, the property reverted to *his estate.* It did not go to his heirs as such; it went to his estate. Therefore those entitled to his estate at the time of the second marriage would take the land. There was a power to sell the personal property, but not the real estate. It could not be told who would be entitled to the estate until the widow could no longer remarry. The interest was, therefore, contingent until it was no longer possible for the widow to remarry. That possibility ceased with her death. The will further provides that, should she "remain a widow until her death, then be divided * * * equally * * * share for share with my lawful heirs."

This is in accord with the Circuit decree, and it ought to be sustained.