### 9663

McFADDEN v. McFADDEN *ET AL.*

(91 S. E. 986.)

1. WILLS — DEVISE TO HEIRS AS A CLASS. — Generally, when there is a devise to heirs as a class, they take at the death of the testator, unless a different time is fixed by the word "surviving" or some other equivalent expression.

2. WILLS—DEVISE TO "HEIRS."—A devise to testator's widow for life, remainder to a son, and, if he died without issue, his share to be "divided equally among my other children," except a named daughter, and if "any of my children die leaving no issue," the property "to be divided equally between my heirs," excepting that daughter, gave the excluded daughter's children no possible interest, since the absence of qualification of the word "heirs," as by use of the word "surviving" or other equivalent expression, showed that the class described as "heirs" was determinable, not at the life tenant's death, but at decedent's death, at which time the excluded daughter's children were not "heirs" of decedent, but merely lineal descendants.

Before PRINCE, J., Manning, November, 1916. Reversed.

Suit by C. F. McFadden against Lena E. McFadden and others. From a decree, plaintiff appeals.

The following is the decree of trial Court:

This is a suit for specific performance on the part of the plaintiff against Lena E. McFadden, in which other parties claiming interest in the land are made parties. Lena E. McFadden refuses to purchase, alleging that the plaintiff cannot give a good and marketable title to the premises. The land in question was derived by the plaintiff under the second clause of the last will and testament of his father, William J. McFadden, deceased. The following quotations from the will are necessary for a determination of the questions arising in this case:

Item 2. "I give, devise and bequeath to my son, Charles Fishburn McFadden, and my wife, Elizabeth J. McFadden, that tract of land whereon my dwelling house and store is situated, to be surveyed so as to contain three hundred and thirty-five acres. Now, it is my will and devise for my wife, Elizabeth J. McFadden, to live in my present dwelling during her natural life and to enjoy all the rents, profits and issues of said tract of land, 335 acres, as long as she remains my widow and no longer, and at her death said lands to go to my son, Charles F. McFadden. Should he die without leaving legal issue his share of land must be divided equally between my other children, share and share alike, except my daughter, Mrs. Butler DuBose."

Item 8. "It is my wish and desire that my children enjoy the privileges of my plantation whilst single and disposed to be peaceful. I further desire and wish should any of my children die leaving no issue, said property herein mentioned shall revert back, and become the property of my estate to be divided equally between my heirs, with the exception of Mrs. Bertha DuBose."

In other clauses of said will, the other children of the testator except Mrs. DuBose are given portions of the real estate of the testator without any life estate intervening.

I find that at the time of the making of the will and until his death, the testator and his daughter, Mrs. DuBose, were

estranged, and the same was true as to her children *in esse.*

When this cause came on to be heard, the attorneys announced that, if the DuBose children, Anglo DuBose, Fleetwood DuBose and Mabel Stoudemire, should be found to be excluded from any possible interest in the said land, the other parties had already agreed among themselves to a settlement of their various contentions respecting not only this tract of land, but other portions passing under said will, and it would be very much in the interest of harmony and to the quieting of litigation to have a special decree, deciding the sole question as to whether or not under any possible construction of the will the DuBose children could take. I am, therefore, passing only upon this question, as no other question has been argued or submitted to me.

If the second clause in the will were the only one to be considered, it is plain that only the children of the testator could take in any contingency; and as the DuBose children above mentioned are not children, but grandchildren of the testator, they would be excluded. But as to the eighth clause of said will, if it were to be subsequently decreed that the word "heirs" therein used is to be taken in its technical sense, and if the reversion and distribution therein mentioned should be fixed by said subsequent decree as referring to the death of C. F. McFadden at any time, without leaving issue, then I hold that under such a construction the said DuBose children, if their mother were then dead, would not be barred, but would take as purchasers in case of the happening of the contingency; that is to say, if C. F. McFadden should die leaving no issue.

*Messrs. R. D. Epps* and *Raymon Schwartz,* for appellant, cite: *As to heirs as a class:* 6 Rich. Eq. 26; 72 S. C. 179; 26 S. C. 463, 464.

*Messrs. Purdy & O'Bryan,* for respondent.

The former cites: 102 S. C. 178.

March 29, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for specific performance, and the appeal involves the construction of a will. The facts are fully stated in the decree of his Honor, the Circuit Judge. The vital question in the case is whether the rights of the "heirs" are to be determined with reference to the time of the testator's death, or the death of his respective children leaving no issue.

The well-recognized rule is that when there is a devise to "heirs" as a class, they take at the death of the testator, unless a different time is fixed by the word "surviving," or some other equivalent expression. The construction of the word "heirs," when used alone, and likewise when preceded by the word "surviving," is fully discussed in *Evans* v. *Godbold*, 6 Rich. Eq. 26. In that case the Court held that where there is a devise upon the contingency of survivorship, and a precedent life estate is interposed, upon the determination of which the survivors are to take, the period of survivorship is referred to the termination of the life estate, and not to the death of the testator. It, however, clearly appears that such would not have been the conclusion but for the word "surviving," as shown by the following language:

"It is properly suggested in the Circuit decree that the term 'surviving' in application to the heirs of testator would be unmeaning if referred to heirs at testator's death. In that case, 'heirs,' standing by itself, would have precisely the same meaning as 'surviving heirs.' But it is not true that 'surviving heirs' is a mere pleonasm, when referred to survivorship at the death of the tenant for life. Without the use of it the heirs of testator at his death would have taken a vested interest, transmissible to their representatives, and widowers and widows of the children, not heirs of the tes-

tator, would have taken shares. *Leeming* v. *Sherratt,* 24 Eng. C. R. 14; *Bankhead* v. *Carlisle,* 10 S. C. Eq. (1 Hill Eq.) 358. Heirs of the same person may be very different individuals at different epochs. In *Buist* v. *Dawes,* 23 S. C. Eq. (4 Strob. Eq.) 38; *Id.* 26 S. C. Eq. (4 Rich. Eq.) 415, in note, where, after precedent particular estates, the estate, real and personal, was given contingently to J. S. in fee, who died during the subsistence of the particular estates, it was held that those persons who were the heirs and distributees of J. S. at the time of his death, and not different individuals who were his heirs at the falling in of the estate for enjoyment, were entitled to his estate by descent and succession. *Hicks* v. *Pegues,* 26 S. C. Eq. (4 Rich Eq.) 413. The converse is a corollary from this doctrine; and if his heirs at the termination of the particular estate be designated by a testator as purchasers of the remainder, they take in exclusion of heirs at his death."

These principles are fully sustained by the following authorities: *Rountree* v. *Rountree,* 26 S. C. 450, 2 S. E. 474; *DuRant* v. *Nash,* 30 S. C. 184, 9 S. E. 19; *Simpson* v. *Cherry,* 34 S. C. 68, 12 S. E. 886; *Selman* v. *Robertson,* 46 S. C. 262, 24 S. E. 187; *Barber* v. *Crawford,* 85 S. C. 54, 67 S. E. 7; *Ballard* v. *Connors,* 31 S. C. Eq. (10 Rich. Eq.) 389; *Seabrook* v. *Seabrook,* 31 S. C. Eq. (10 Rich. Eq.) 495; *Schoppert* v. *Gilliam,* 27 S. C. Eq. (6 Rich. Eq.) 83.

In the case now under consideration the word "heirs" is not qualified by the word "surviving," or any other equivalent expression. Therefore the death of the testator, and not that of the life tenant, is the period to which we must look for the purpose of determining who are to take.

Mrs. Butler DuBose cannot take, however, for the very good reason that the testator so willed. Nor can her daughters take because they were not "heirs" of the testator at the time of his death. There is a difference between

"heirs" and lineal descendants. *Rembert* v. *Vetoe,* 89 S. C. 198, 71 S. E. 959.

Judgment reversed.