10600.

AVINGER *ET AL. v.* AVINGER *ET AL.*

(107 S. E. 26)

1. WILLS—REMAINDER TO HEIRS AS CLASS VESTS AT TESTATOR'S DEATH—A devise to heirs as a class after a life estate is vested, and the heirs take at the death of testator unless a different time is fixed.

2. WILLS—RESTRICTIONS AS TO TIME OF TAKING IN ONE PROVISION HELD NOT TO APPLY TO ANOTHER.—In a devise of a life estate with remainder to the heirs of a testator, with a subsequent provision that if the life tenant remarried the land was to be equally divided among the testator's heirs then living, the alternative provision merely provided for conditional remainders, and the provision therein restricting the time of determining the class, is not to be applied to the original remainder after the death of the life tenant.

Before PEURIFOY, J., Orangeburg. Reversed.

Action by D. W. Avinger et al. against Charles Avinger et al. for partition of real estate. From Judgment for defendants, Ethel V. Sheider et al., the plaintiffs and the defendants, Charles Avinger et al., appeal.

*Messrs. Wolfe & Berry and J. L. Dukes,* for appellants, cite: *The will created a vested remainder; the contingency never having become effective:* 102 S. C. 240.

*Messrs. Adam H. Moss and J. S. Wolfe,* for respondents. Mr. Moss cites: *Remainder did not become vested at testator's death as it was impossible to determine those of the heirs who would take at the falling in of the life estate:* 10 S. C. 387; 113 S. C. 378; 102 S. E. 643; 101 S. E. 738 (N. C.)

April 11, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for partition of certain lands, and involves the construction of a will. About the year 1889, Daniel Avinger departed this life, leaving of force his last will and testament, which (omitting the formal parts thereof), is as follows:

"The residue of my estate, real and personal, I give, bequeath and dispose of as follows, to-wit: To my beloved wife, the land and appurtenances situated thereon, during the term of her natural life, and after her death to be divided equally among my heirs; or, in case my wife ceases to be a widow and marries again, then at her marriage, to be equally divided among my heirs then living, share and share alike."

The testator was married four times, and left a widow, Laura V. Avinger, who died in January, 1919. She, however, remained unmarried after the death of the testator. The testator's first, second and fourth wives had children, but the third wife did not.

His Honor, the Circuit Judge, ruled that the remainders created by the will were contingent; that they did not become vested until the death of the widow; and, that the heirs of the testator living at the time of her death were entitled to the lands. The exceptions assign error in these rulings.

The well-recognized rule is that when there is a devise to "heirs" as a class, they take at the death of the testator, unless a different time is fixed by the word "surviving," or some other equivalent expression. *McFadden v. McFadden,* 107 S. C. 101, 91 S. E. 986.

The only other provision in the will upon which his Honor, the Circuit Judge, relied was that, in case his wife ceased to be a widow and married again, then, at her marriage, the land was to be equally divided among his heirs then living, share and share alike. The remainders in this provision were alternative, or substitutional, and therefore contingent. In order for these remainders to become effective it was essential for the widow to marry again, which contingency did not happen. As there is no other provision of the will preventing the application of the well-recognized rule already mentioned, it necessarily follows that the heirs of the testator, living at the time of his death, took vested remainders, which were not thereafter divested. *Walker v Alverson,* 87 S. C. 55, 68 S. E. 966, 30 L. R. A. (N. S.) 115.

Reversed.

JUSTICES WATTS, FRASER and COTHRAN concur.

MR. JUSTICE COTHRAN: I concur in this judgment, but in the investigation of the subject, particularly the decisions of this State, it has occurred to me that if a certain amount of confusion, which evidently exists, can be removed, a service of some value will have been rendered. To that task I will therefore address myself.

The ultimate point at issue in the case is whether the distribution of the estate, after the falling in of the life estate, shall be per capita among the heirs of the testator living at the time of the death of the life tenant, or per stirpes among the heirs of the testator living at the time of his death. This issue is to be determined by the character of the remain-

ders devised to the heirs of the testator, whether vested or contingent.

The will is very short; the solution of the question at issue depends upon a proper interpretation of the following portion of it:

"To my beloved wife   *   *   *   during the term of her natural life, and after her death to be equally divided among my heirs; or in case my wife ceases to be a widow and marries, then at her marriage, to be equally divided among my heirs then living, share and share alike."

This clause contains two provisions, which for convenience I will designate the "primary" provision and the "alternative" provision; the "primary" provision being a devise to the wife for life, and after her death the estate to be equally divided among the heirs of the testator; the "alternative" provision being a condition subsequent, in the nature of a defeasance, upon the happening of which the life estate of the widow shall terminate, and an equal distribution of the estate be made among the heirs of the testator who may be living at the time of the happening of such contingency, the remarriage of the widow.

It will at once be noticed that there is a qualification attached to the word "heirs" in the alternative provision which does not appear in the primary provision; should she remarry, her life estate determines, and the estate is directed to be equally divided "among my heirs then living, share and share alike;" should she not remarry, the estate after her death is directed to be equally divided "among my heirs."

As a matter of fact, the widow died without having remarried, and consequently the estate must be divided according to the direction of the will, appropriate to that event, "among my heirs." I do not think that the Court would be justified in borrowing from the alternative provision the expression "then living," in order to interpret the intention of the testator in reference to the primary provision;

for the will has reference to two distinct contingencies, and each must be governed by its own terms. The alternative provision, however, is a part of the will, and cannot be wholly rejected simply for the reason that the contingency therein provided for did not occur.

The devise to the widow for life, and at her death to the heirs of the testator, accompanied as it is by no provision in the will indicating a contrary intention, the rule announced in *McFaddin v. McFaddin,* 107 S. C. 101, 91 S. E. 986, applies, and the remainders in the heirs are construed to be vested remainders, vesting in the heirs of the testator living at the time of his death, and transmissible to the heirs of such heirs as might die between the death of the testator and the falling in of the life estate.

The alternative provision in the will, however, creates a contingency which, upon its happening, might create a different body of distributees, give the remaindermen then living different interests from what they would have received under the primary provision, and, in the event of any of them predeceasing the life tenant, would deprive them of all interest in the estate.

The question therefore is: What effect has the alternative provision, if any, upon the character of the remainders created by the primary provision, and construed to be vested remainders?

In the case of *Faber v. Police,* 10 S. C. 376, the Court, in a most elaborate and learned opinion by a great Judge (Chief Justice McIver), lays this down as the test:

"To inquire whether the person claiming such remainder, being sui juris, could, by uniting with the owner of the particular estate, convey a fee simple title. If he could, such a remainder must be regarded as vested; otherwise it is contingent."

This test has certainly the virtue of simplicity; yet, in *Walker v. Alverson,* 87 S. C. 55, 68 S. E. 966, 30 L. R. A.

9—s. c. 116

(N. S.) 115, the Court, in an equally elaborate and learned opinion by another great Judge (Justice Hydrick), denies the infallibility of this test, and cites instances to demonstrate its fallibility which every one must readily recognize, one of which is a parallel to˙ the limitation under review: "The case of a remainder which is vested, subject to a divesting contingency."

In my opinion, the decisions of this Court require that to create a vested remainder the following essential elements must appear:   (1) The estate in remainder must be fixed and certain in the remaindermen at the time of its creation; (2) implied in the foregoing, the vesting of the remainder must not depend upon the performance or happening of a condition precedent; (3) the person to take in remainder must be an ascertained person in being; (4) the enjoyment of the possession of the estate in remainder is simply postponed; there being no obstacle to such enjoyment except the preceding particular estate.

An extract from the case of *Faber v. Police,* 10 S. C. 376, of remarkable comprehensiveness, is a synthetical statement of these essential elements:

"A vested remainder is one which is limited to an ascertained person in being, whose right to the estate is fixed and certain, and does not depend upon the happening of any future event, but whose enjoyment in possession is postponed to some future time."

The absolute necessity that the estate in remainder be fixed and certain in the remaindermen at the time of its creation appears also from the following authorities:

Blackstone has an exceedingly clear statement of the rule:

"Vested remainders (or remainders executed whereby a present interest passes to the party, though to be enjoyed in the future) are where the estate is invariably fixed, to remain to a determinate person, after the particular estate is spent."   2 Com. 168.

Other judicial declarations emphasize the essentiality of the element under discussion:

"When a present interest passes to a certain and definite person, but to be enjoyed in futuro." *Doe ex dem. Poor vs. Considine,* 6 Wall. 458, 18 L. Ed. 869.

"A present, fixed right of future enjoyment at the termination of the estate of the tenant for life." *Lockwood v. Nye,* 2 Swan (Tenn.) 515, 58 Am. Dec. 73.

"A remainder is vested when a definite interest is created in a certain person, and no further condition is imposed than the determination of the precedent estate." *Golladay v. Knock,* 235 Ill. 412, 85 N. E. 649, 126 Am. St. Rep. 224.

Mr. Washburn (Vol. 2, § 1541) expresses the idea thus:

"The remaindermen must possess, by the limitation, a present absolute right to enjoy the estate the instant the prior estate should determine."

"By the application of this criterion it will be found that wherever a remainder is limited to a person not in esse or not ascertained, or whenever it is limited so as to require the occurrence of some dubious, uncertain event, independent of the determination of the preceding estate and the duration of the estate given in remainder, to give it a capacity of taking effect, the remainder is contingent." 23 R. C. L. 504.

Necessarily implied in the requirement that the estate in the remaindermen be fixed and certain at the time of its creation in order to constitute a vested remainder, is the principle that, if the vesting of the estate depends upon the performance or happening of a condition precedent, the remainder is contingent. See extracts from *Faber v. Police,* and 23 R. C. L. 504, quoted above.

A further essential element is that the person, to take in remainder, must be an ascertained person, in being at the time of the creation of the remainder. There is some di-

versity of opinion in the authorities whether or not this requirement is fulfilled where the remainder constitutes a class, such as heirs, children, etc, and one case particularly in this State appears to take the negative view of the question. *Lemmon v. McElroy,* 113 S. C. 537, 101 S. E. 852 The overwhelming weight of authority in this State, however, in my opinion, sustains the affirmative. *Bently v. Long,* 1 Strob. Eq. 43, 47 Am. Dec. 523: *Boyd v Hall* 104 S. C. 425, 89 S. E. 403; *Brown v. McCall,* 44 S. C. 503, 22 S. E. 823; *Boyce v. Moseley,* 102 S. C. 361, 86 S. E. 771; *McFaddin v. McFaddin,* 107 S. C. 101, 91 S. E. 986; 23 R. C. L. 504.

In the case of *Lemmon v. McElroy,* supra, the decree of the Circuit Judge Gary, which was adopted as the judgment of this Court, declares:

"The general rule is that where the devisees compose a class, and there are no words of devise, except a simple direction to divide the property at a specific time, the gift will not vest until the time of the division."

This, in my opinion, is directly opposed to the principle declared in the McFaddin case, supra, 107 S. C. 101, 91 S. E. 986:

"The well recognized rule is that where there is a devise to 'heirs' as a class, they take at the death of the testator, unless a different time is fixed by the word 'surviving,' or some other equivalent expression."

I think that the McFaddin case is entirely in harmony with the cases cited therein and hereinabove, that the Lemmon case is not, and that it should be so declared.

There must stand between the vested interest of the remainderman and his enjoyment of it no obstacle except the preferred enjoyment of the tenant of the particular estate.

"A remainder is vested if so long as it lasts the only obstacle to the right of immediate possession by the remain-

derman is the existence of the preceding estate." 23 R. C. L. 504.

"Gideon, by surviving the testator, was in a condition to take under the will, whatever passed by the will. The will gave him a portion of the property, with a direction that it be allotted to him on his mother's death. He could have taken it the day of his father's death, and was withheld only by the preferable right of enjoyment, which the will conferred on his mother. Nothing but that prevented him. Here then was a present capacity to take whenever the possession should become vacant. This is the test of a vested interest. *Bankhead v. Carlisle,* 1 Hill Eq. 358.

The fact that the remainderman may never come into the enjoyment of the possession does not affect the character of the remainder as vested, unless it be a condition of the initial vesting of the right. As Mr. Fearne says (page 216):

"It is not the uncertainty of taking effect in possession that makes a remainder contingent; for to that every remainder is and must be liable, since the remainderman may die, and die without heirs, before the termination of that particular estate." 4 Kent, 198, 2 Wash. R. P. § 1541.

It is not the uncertainty of the enjoyment of the estate in the future which makes a contingent remainder, but the uncertainty of the right to such enjoyment. *Faber v. Police,* supra.

The fact that the remainder may be defeated by the happening of a condition subsequent does not affect the character of the remainder as vested; for that assumes the prior vesting of the right, which stamps it as a vested remainder. See the interesting opinion of Justice Hydrick in *Walker v. Alverson,* 87 S. C. 55, 68 S. E. 966, 30 L. R. A. (N. S.) 115, upon this point.

The case of *Bankhead v. Carlisle,* 1 Hill, Eq. 357, which has been reaffirmed by this Court many times, is, in my

opinion, conclusive of the issue in this case. Quoting from the syllabus:

"Testator, by his will, devised his estate to his wife, during widowhood, and then adds, 'which said property I wish and devise, at the marriage or death of my wife, to be equally divided amongst my children as above named;' G., one of the testator's sons there named, survived him, but died before the widow; held, that this was a vested remainder in G., and his representatives are entitled to his share."

See, also, *Gourdin v. Deas,* 27 S. C. 479, 4 S. E. 64.

The only difference between the Bankhead case and the one at bar is, in the former children were named, while here it is to a class. The Court holds in the McFaddin case that the rule is the same.

I cannot reconcile this case, nor the McFaddin case, nor the other cases cited herein, with a very late decision of the Court, *Home Bank v. Fox,* 113 S. C. 378, 102 S. E. 643. I think that the Chief Justice has properly construed the remainder in that case to have been a vested remainder.

The remainders to the heirs living at the time of the death of the testator possess all the essential elements of vested remainders, and are free from such objections as would make them contingent.