## 10683

### MYER v. MATTHEWS *ET AL.*

#### (108 S. E. 174)

WILLS—REMAINDER HELD VESTED SO THAT, ON DEATH OF TESTATOR'S CHILD LEAVING ISSUE, PROPERTY PASSED TO ISSUE.—Where testator devised land and personalty to his wife for life, directing that at her death the property should be sold and the moneys equally divided among his named children, but that if any child should die not leaving lawful issue portions allotted to him should revert back to the other children, a child named took a vested remainder upon condition that if such child failed to survive the widow or leave issue the same should revert, etc., hence, where one of testator's daughters died before the widow, leaving issue, her share did not revert to the other children, though the issue died before the period of distribution, but it passed to heirs of the issue.

Before PEURIFOY, J., Barnwell, December, 1920. Modified.

Action by Elizabeth Myer against Rosa G. Matthews et al. From decree the defendant named appeals.

*Messrs. Holman & Boulware,* for appellant, cite: *Estate in remainder vested at death of testator*: 2 Strob. Eq., 61; 87 S. C., 55; 106 S. C., 401; 107 S. C., 265; 109 S. C., 228; 113 S. C., 533.

*Mr. Chas. Carroll Simms,* for respondent, cites: *Remainder to a class, only those answering the description who are in being at the time the contingency happens, can take:* 21 C. J., 987; 4 Kent, 257.

August 1, 1921.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This appeal involves the construction of a will, the material provisions being as follows: Testator first directed that certain personal property—

"be sold and that the proceeds be equally divided among my wife Jane and my six children, viz.: Ella, Ira, Lawton's child Bertha, Caleb, Mary Jane, and Elizabeth. * * * I also further give to my said wife, during her life, all of my real estate and the balance of my personal property. After the death of my wife, I want my real estate and the remainder of my personal property sold, and the money equally divided among my children as above named, with the same provision in regard to my daughter, Ira, as above stated. It is my desire that if any of my children should die not having lawful issue, that the portions allotted to them should revert back to my other children, with the same proviso in regard to my daughter, Ira, as above stated."

After the death of the testator and before the death of his widow, the life tenant, his daughter, Mary Jane, died leaving her husband and an infant child, which died before the death of the life tenant, its father being its only heir at law. Thereafter, and prior to the death of the life tenant, the father, H. B. Matthews, conveyed his interest in said estate to his second wife, Rosa Matthews, the appellant.

His Honor, the Circuit Judge, (who adopted the report of the master), ruled that only those who answered the description of children or grandchildren of the testator at the time of the life tenant's death could take under the

will, and therefore that Rosa G. Matthews was not entitled
to the share which Mary Jane would have taken if she had
survived the life tenant. This was error. In the first
place, it is only necessary to cite the cases of *McFadden v.
McFadden,* 107 S. C., 101; 91 S. E., 986, and *Avinger v.
Avinger,* 107 S. E., 26, to show that Mary Jane took a
vested remainder. She, however, took it upon the condition
that if she died before the termination of the life estate not
having lawful issue the portion allotted to her should revert
to the testator's other children. As she died leaving lawful
issue, her interest in the estate was not divested, the con-
dition upon which her portion was to revert to the tes-
tator's other children having failed.

"When there is a clear vested interest, * * * the ex-
press contingency upon which it was to be divested not
having happened, the construction of the clause giving the
vested interest is not to be affected by anything connected
with the contingency that would otherwise have divested
the estate." *McGregor v. Toomer,* 2 Strob. Eq., 51;
*Walker v. Alverson,* 87 S. C., 55; 68 S. E., 966; 30 L. R.
A., (N. S.), 115.

Modified.