October 3, 1962.
This appeal is brought to construe the will of H.W. Hunt, deceased. The case was referred to the Master in Equity for Greenville County, and from his findings of fact and conclusions of law, appellant-defendant White duly filed exceptions. Upon hearing, the Honorable J.B. Pruitt, Presiding Judge of Thirteenth Judicial Circuit, affirmed the Master's Report. This appeal follows and presents the questions whether the remainder of the testator's residuary real and personal estates are vested or contingent and whether testator by using the term "per stripes" in the clauses relating to his residuary estate excluded his wife, who received a life estate, from the remainder.
On September 13, 1922, Mr. H.W. Hunt executed the will under consideration. H.W. Hunt died May 20, 1923, and the will was duly admitted to probate. At the time of his death, he left surviving his widow, Victoria Hunt, five brothers and sisters, and the issue of three predeceased brothers or sisters. Mrs. Hunt apparently had no relatives. Victoria Hunt died September 1, 1960, surviving her husband by more than 37 years, and by will left her property to Walter P. White, the executor of her husband's will and his nephew. This action is brought by Walter P. White, as executor of the will of H.W. Hunt to construe Items VI and VIII of said will in order to determine heirs and the share that each heir would receive under said Items.
The particular provisions of the Hunt will before this Court for interpretation read as follows: *Page 185 
"Item IV. All the rest and residue of my real estate I give, devise and bequeath to my wife, Victoria Hunt, for and during her natural life and at her death to my lawful heirs,per stirpes, under the Statutes of Distribution of South Carolina."
 * * *
"Item VIII. All the rest and residue of my personal property I give and bequeath to my wife, Victoria Hunt, for her life and at her death, per stirpes, to my lawful heirs under the Statutes of Distribution of South Carolina."
Appellant, Walter P. White, contends that these clauses gave to Victoria Hunt, in addition to her life estate, an undivided one-half interest in the real and personal property passing under these residuary clauses. Appellant's argument is that the heirs of H.W. Hunt mentioned in Items VI and VIII must be determined at the time of his death and that his wife, Victoria Hunt, was one of his heirs under the Statute of Distribution of South Carolina in effect at that time.
Respondents contend that Victoria Hunt's interest was limited to a life estate; therefore, she acquired no interest under these Items which could be transmitted to Appellant by her will. The question, therefore, is whether the interest of the "lawful heirs" of the testator are to be determined at the death of the testator and, if so, whether testator's widow is included in the term "lawful heirs".
Both the Master and the Circuit Judge, decided that Victoria Hunt acquired only a life estate under the will of her husband and that she was not included in the term "lawful heirs," because, under the language of the will, the "lawful heirs" of the testator would be determined at the time of the death of the life tenant.
"It is elementary that a testator's intention, as expressed in his will, will govern in the construction of it if not in conflict with law or public policy; and it will be ascertained upon consideration of the entire will. *Page 186 
However, "in looking for this intention we must be guided by the words which the testator has used, reading them in the light of established principles of law.'" Gist v. Brown,236 S.C. 31, 113 S.E.2d 75.
In determining the vested or contingent nature of the remainder, it must be kept in mind that the law favors the vesting of estates at the earliest time possible; and whenever there is doubt as to whether an interest is vested or contingent, the Court will construe it as vested.Walker v. Alverson, 87 S.C. 55, 68 S.E. 966, L.R.A., N.S., 115; Wannamaker v. South Carolina State Bank,176 S.C. 133, 179 S.E. 896; Albergotti et al. v. Summerset al., 205 S.C. 179, 31 S.E.2d 129; Black et al. v.Getty et al., 238 S.C. 167, 119 S.E.2d 660. We need look no further for the general rule than McFadden v. McFadden,107 S.C. 101, 91 S.E. 986:
"The well-recognized rule is that when there is a devise to `heirs' as a class, they take at the death of the testator, unless a different time is fixed by the word `surviving,' or some other equivalent expression."
This rule was followed in Avinger et al. v. Avinger et al.,116 S.C. 125, 107 S.E. 26; Busby v. Busby, 142 S.C. 395,140 S.E. 801; Manigault v. Bryan et al., 154 S.C. 78,151 S.E. 199.
As seen by examining the Hunt will, the term "surviving" is not present. The only language that could be relied upon to create a contingent remainder in the heirs and thereby have the taking class determined as of the time of the falling in of the life estate are the words "and at her death," which, it is contended, brings Items VI and VIII of the Hunt will within "some other equivalent expression" referred to inMcFadden v. McFadden, 107 S.C. 101, 91 S.E. 986.
The words "at her death," "on his death" were used inRochell v. Tompkins, 1 Strob. Eq., 114; Lawrence et al. v.Burnett et al., 109 S.C. 416, 96 S.E. 144; Avinger et al. *Page 187 v. Avinger et al., 116 S.C. 125, 107 S.E. 26. In these cases the Court held that vested remainders were created in the heirs of the testator determined as of the time of his death and that included all of the heirs fixed by the statute even though one of them, the widow, had been given a life estate. The words "at her death" are construed as only fixing the time when the remaindermen are entitled to the possession of the property and not the time of the vesting of the title.
"The fact that the life tenant is a member of the class to which the remainder is given does not change the rule as to the time when the remainder vests, nor is the time of vesting altered by the fact that the life tenant can never come into the enjoyment of the remainder. He takes a vested remainder jointly with the other." 33 Am. Jur. 600, sec. 139.
The remainder, therefore, is a vested remainder as of the death of the testator. Determination must now be made whether Mrs. Hunt is included in the expression "my lawful heirs, perstripes, under the Statute of Distribution of South Carolina." Under the Statute in effect at the death of the testator (Sec. 5327 (2), Code of Laws of South Carolina, 1922), the widow is entitled to an undivided one-half interest in the estate if the interstate leaves only a widow and brothers and sisters. The same result would be had under Section 19-52 (2), Code of Laws of South Carolina, 1952.
"If a testator bequeaths property to a class by a particular description, and the question arises whether a certain individual who comes within the description ought or ought not be excluded, it is not sufficient, in order to exclude him, to show the absence of a special intention to include him, but that a clear and unambiguous indication of an intention to exclude him must be shown * * *." Clardy et al. v. Clardy,122 S.C. 451, 115 S.E. 603, quoting from 33 L.R.A. (NS) pp. 10, 11.
Respondents contend that the testator's intention is apparent that Mrs. Hunt should only receive a life estate. In *Page 188 
support of this position are cited Bartell et al. v. Edwards etal., 113 S.C. 217, 102 S.E. 210; Home Bank of Lexingtonv. Fox et al., 113 S.C. 378, 102 S.E. 643; Lemmon v.McElroy et al., 113 S.C. 532, 101 S.E. 852, as being the law at the time the Hunt will was written and since allegedly Hunt's will was written by an experienced attorney would be known by him. These cases expounded the rule that where property was bequeathed to a wife during her lifetime and after her death to the heirs of the testator, the wife was not included as a remainderman and the remainder was contingent. These cases admittedly were expressly overruled inMcGrath v. McGrath, 184 S.C. 243, 192 S.E. 273. Respondents cite Rikard et al. v. Miller, 231 S.C. 98,97 S.E.2d 257, to the effect that "It is a fundamental rule that in construing the provisions of a will, the intention of the testator at the time the will is executed is the primary inquiry of the Court", contending that Bartell et al. v. Edwards,supra; Home Bank of Lexington v. Fox, supra;Lemmon v. McElroy et al., supra, were persuasive that the testator intended that Mrs. Hunt should receive only a life estate. Avinger et al. v. Avinger et al., 116 S.C. 125,107 S.E. 26, citing McFadden v. McFadden, 107 S.C. 101,91 S.E. 986, was decided April 11, 1921, prior to the inception of the Hunt will dated September 13, 1922, and clearly in conflict with Bartell v. Edwards, supra.
Respondents contend that by use of the term "perstirpes" in conjunction with "my lawful heirs" the testator expressed the intent that heirs should be limited to "blood relatives" to the exclusion of the wife. In determining the intention of the testator, Courts are concerned only with construing the will as written, Peoples Nat. Bankof Greenville v. Harrison et al., 198 S.C. 457,18 S.E.2d 1; however, "when technical words are used, they must have their technical meaning, unless a contrary intention clearly appears from the whole instrument." Lanev. Dillon et al., 101 S.C. 196, 85 S.E. 369. In Irvin v.Brown et al., 160 S.C. 374, 158 S.E. 733, we find: "It is *Page 189 
true that `stripes' denotes roots or common stocks, and that the term `per stirpes' means literally `by stocks or roots,' yet, as has been indicated, that term as employed in our law relates to the mode of distribution — not who shall take, but the manner in which those shall take who come within the class entitled to take." Therefore, the term "per stirpes"
does not exclude the wife since the Statute of Distribution of South Carolina determines who shall take. In considering the will in instant case in its entirety, there is no language saying or from which it could be said to clearly appear that the testator intended to exclude his widow from his lawful heirs, or any language limiting the remainder to his heirs by blood. On the contrary, there is the specific direction by the testator to divide his property among his heirs under the Statute of Distribution of this State, thereby specifically including the wife.
For the foregoing reasons, we are of opinion that the Order and judgment of the Court appealed from should be reversed and judgment entered accordingly. Reversed.
MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.