In the Matter of the Estate of BENJAMIN D. LATHAM, Deceased.

Surrogate's Court, Suffolk County, October 22, 1928.

*Harry H. Reeve*, for the executor.

*Nathan O. Petty*, special guardian, for Irving Latham and Marion Latham, infants.

PELLETREAU, S.  Benjamin D. Latham died August 9, 1926, leaving a will dated January 16, 1922, probated in this court September 14, 1928.  He left him surviving a widow, Mary L. Latham, and two sons, George E. Latham and B. Dwight Latham, also two grandchildren, Irving Latham and Marion Latham, children of a deceased son, Elias Latham.  The papers disclose that the said Benjamin D. Latham, at the time of his death, was about eighty-six years of age, his widow was about seventy-nine years of age, the two sons, George E. Latham and B. Dwight Latham, approximately thirty-five years of age, and the two grandchildren aforesaid were infants over fourteen years of age. The deceased son Elias died about eight years ago and before the will was made.  The papers indicate that the deceased owned a valuable farm at Orient at the time of his death.  It appears that the two surviving sons are both married, but one of them is childless and the other has one child, an infant about two and a half years of age.

The 2d paragraph of the will provides:

" *Second.* I give, devise and bequeath all my real estate to my wife, Mary L. Latham, for and during the term of her natural life, and upon her death, I give, devise and bequeath all my real estate to my two sons, George E. Latham and B. Dwight Latham,

absolutely and forever, share and share alike. Should either of my said sons predecease their mother, Mary L. Latham, then and in that event, I give, devise and bequeath all my said real estate to the survivor of them, absolutely and forever."

The 4th paragraph of the will provides:

" *Fourth.* I give and bequeath to each of my grandchildren, Irving Latham and Marion Latham, the sum of Five Hundred dollars."

The residuary clause of the will reads as follows:

" All the rest, residue and remainder of my estate, of whatsoever kind and nature and wheresoever situated, which at the time of my death shall belong to me or be subject to my disposal by will, I give, devise and bequeath to my two sons, George E. Latham and Dwight Latham, share and share alike, absolutely and forever. However, should either of my said sons predecease me, then and in that event, all this rest, residue and remainder of my estate, I give, devise and bequeath to the survivor of them absolutely and forever."

Should the two sons, George and Dwight, die in the lifetime of their mother, where does the farm go? This is the question submitted, and it is my duty to pass upon the question under section 145 of the Surrogate's Court Act.

The testator bequeathed $500 to each of his two grandchildren who were children of his deceased son Elias. I think, upon considering the entire will, that he intended to exclude the said two grandchildren from any share in the rest of his property.

The specific devise of his real estate presents the question as to whether it is vested or contingent. As there is only an uncertainty of enjoyment in the future, as contrasted to an uncertainty of the *right* to enjoyment, then the devise is a vested one and not a contingent one. There was no discrimination between the two sons while alive. I think both sons had a vested right to all of the real estate immediately upon the death of the testator. The 2d paragraph of the will most explicitly gives the property to the two sons subject only to the life estate of the widow of the testator. Standing by itself, there is no question as to the equal right of the two sons to the enjoyment thereof. It is only the enjoyment that is postponed until the death of the widow.

The 2d sentence of the 2d paragraph of the will indicates the testator's intention to devise his real estate to his sons exclusive of any other. In the event one dies before he becomes entitled to the possession thereof, the share of the one dying should go exclusively to the survivor. In the event of the death of one of the sons before the death of the testator's widow, it operates to *divest* the one so dying and creates a joint tenancy of an otherwise tenancy in common.

Since the real estate is vested in the two sons, George and Dwight, subject only to be divested from the one first predeceasing the testator's widow, the title will pass to the heirs of the survivor of them, notwithstanding the survivor of them died within the lifetime of the testator's widow.