In the Matter of the Estate of ARTHUR L. MERRIAM, Deceased.

Surrogate's Court, New York County, July 6, 1938.

*Ernest E. Baldwin* [*E. E. Baldwin* and *Harold D. Beatty* of counsel], for the trustee-petitioner.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Walter D. Fletcher* and *Atwood H. Miller* of counsel], for the executors of the will of Ellen Rogers Merriam, deceased (widow).

*Hill, Lockwood & Redfield,* for the executors of the will of Walter B. Merriam, deceased (brother), and for Kate Morrison Merriam.

*Edward C. Miller* [*Frederic E. Mygatt, Jr.,* and *Perry D. Trafford, Jr.,* of counsel], for the executor of the will of Julia M. Haskell, deceased (sister).

*Ross, Dodge & Miller,* for Alfred B. Merriam, cousin of deceased.

DELEHANTY, S. In this trustee's accounting the principal question is whether or not the remainder interest in part of the residue is vested or contingent. Deceased died on April 25, 1933. His distributees were his widow and a sister and a brother. His will was executed on January 18, 1929, and provides for a specific legacy to his widow, for five general legacies to others, then for the division of the residue into three parts. One-third of the residue is given outright to the widow. One-third is given outright to the brother, with some adjustments. The remaining third is dealt with thus: " And I give, devise and bequeath unto my executor and trustee hereinafter named and its successors, one of said parts, in trust nevertheless for the uses and benefits hereinafter mentioned to wit: the rents, income and profits from the said part shall be paid over to my sister, Julia M. Haskell, quarterly during her life, and upon her death the said trustee shall pay out of the principal of said trust fund to Kate Morrison Merriam, former wife of my brother, Walter B. Merriam, the sum of Ten Thousand Dollars, and the balance of said trust fund, together with any accumulation and accrued interest, after the payment to Kate Morrison Merriam as aforesaid shall be divided, paid over and delivered to my said wife, Ellen Rogers Merriam, and my said brother, Walter B.

Merriam, in equal parts or shares. In case either of them should be deceased before the death of my said sister, Julia M. Haskell, then the whole remaining balance of said trust fund shall go to and be paid over to the survivor. In the event that the said Kate Morrison Merriam should be deceased before my said sister, then the bequest herein provided for her shall likewise be divided between my said wife, Ellen Rogers Merriam, and my said brother, Walter B. Merriam, in equal parts or shares, and in case either of them should be deceased before the death of my sister, Julia M. Haskell, then the whole or balance thereof shall go and be paid over to the survivor."

At the date of the execution of the will the widow was sixty-seven years old. The brother was sixty years old and the sister, the life tenant of the trust, was seventy-seven years old. The trust terminated by her death on February 26, 1938. The testator's brother died on November 2, 1934. The widow died on November 11, 1937. The widow, the sister and the brother all died testate. Kate Morrison Merriam survived the life tenant and became entitled to her $10,000 legacy. The controversy is over the balance in the trust.

It should first be noted that the above-quoted language of the will provides for a gift of the remainder to persons *nominatim*. This brings into effect one of the primary rules of construction. These first words of gift to the widow and the brother are in form absolute and hence import an absolute vesting. The language following and its effect, if any, as a defeasance clause furnishes the problem in this case.

It is contended on behalf of the widow that the entire remainder vested in her on the death of the brother on November 2, 1934. The executors of the deceased life tenant and the executors of the brother contend that the remainder gift was contingent upon the survivorship by the beneficiaries of the life tenant and that, since neither remainderman did so survive, no disposition is made of the remainder by the will and that intestacy results in consequence.

The law favors the vesting of estates. (*Matter of Watson*, 262 N. Y. 284; *Connelly* v. *O'Brien*, 166 id. 406; *Hersee* v. *Simpson*, 154 id. 496.) As was stated in *Matter of Watson* (*supra*, at p. 300), "the law favors the vesting of estates, and, unless a contrary intention is unequivocally expressed, it will not be imputed." A gift to persons *nominatim* is indicative of an intention to vest the remainder immediately. (*Matter of Soy*, 143 Misc. 217, and cases therein cited; *Matter of Mathews*, 154 id. 779.) This rule appears to have greater force than the so-called divide and pay over rule. The law favors a construction which will result in complete testacy

rather than intestacy. (*Matter of Gallien*, 247 N. Y. 195; *Matter of Hayes*, 263 id. 219; *Waterman* v. *New York Life Ins. & Trust Co.*, 237 id. 293.)

The text providing for an outright gift to the widow and brother in equal shares is followed by this text: " In case either of them should be deceased before the death of my said sister, Julia M. Haskell, then the whole remaining balance of said trust fund shall go to and be paid over to the survivor." It is argued that deceased failed to provide for the events which occurred (*i. e.*, the death of both remaindermen before the life tenant) and that, therefore, intestacy results. Examination of the whole clause of the will, however, shows that there is basis for the argument that the remainder vested absolutely in the survivor of widow and brother independently of survivorship by them of the life tenant. First there is a gift to widow and brother *nominatim* in equal shares. The defeasance clause becomes operative in case either of them should die before the termination of the trust *but the only gift over is to the survivor of the one first dying.* In such circumstances the language " In case either of them should be deceased before the death of my said sister " must be interpreted as meaning " In case one of them " should die before the life tenant. Thus construed the first text disposing of the remainder makes the widow and brother cotenants of a vested remainder. The defeasance clause operates to make them joint tenants. The word " survivor " in the defeasance clause refers to the survivor of widow and brother and does not refer to survivorship by them of the life tenant.

A case directly in point is *Matter of Latham* (133 Misc. 36) where Surrogate PELLETREAU construed similar text and held that the remainder vested in the survivor although both remaindermen predeceased the life tenant. In that case a legal life estate was created in real property for the benefit of the widow followed by an outright gift of the remainder to two sons *nominatim.* The will then provided: " Should either of my said sons predecease their mother * * * then and in that event, I give, devise and bequeath all my said real estate to the survivor of them, absolutely and forever." The surrogate held that the remainder vested in the survivor of the two sons.

A determination that the remainder is vested in the widow as the survivor of the two remaindermen is in accordance with the rules of construction stated above. It accords with the testator's intentions as disclosed by the will that either his brother or his widow or both should get this remainder and that no one else should get it. Defeasance clauses dealing with vested remainders have been strictly construed. (*Matter of Watson, supra; Stringer* v.

*Young,* 191 N. Y. 157; *Bowditch* v. *Ayrault,* 138 id. 222; *Matter of Benton,* 244 App. Div. 56; *Matter of Banker,* 223 id. 496; affd., 248 N. Y. 596; *Matter of Schaefer,* 160 Misc. 43; *Matter of Hungerford,* 158 id. 317; *Matter of Leonard,* 143 id. 172.) In the cited cases, primary or secondary gifts of the remainder were held not to be divested by death during the continuation of the trust when the will provided for divestiture only upon the happening of particular events which did not occur. In the present case the defeasance clause is not limited to the phrase which provides for the death of either remainderman during the life of the sister because that phrase alone would mean nothing. The defeasance clause comprises an entire sentence which provides for the death of either and for a gift to the survivor. Construing this divesting clause strictly it becomes inoperative after the death of the first remainderman during the continuation of the trust.

This determination that the remainder vested in the widow on the death of the testator's brother is more in harmony with the rules of construction and with the intention of the testator than would be a determination that the remainder was contingent upon survivorship of the life tenant with resulting intestacy. The court holds that the entire remainder is now payable to the estate of the widow. In view of this ruling there is no necessity of determining whether or not the widow is barred from sharing in intestate property because of the subsequent provisions of the will.

There is one remaining question to be determined. The ninth paragraph of the will provides that upon the death of the life tenant the trustee is to pay $10,000 out of the principal to Kate Morrison Merriam and then provides " and the balance of said trust fund, *together with any accumulation and accrued interest * * * * * * shall be divided and paid over.*" The question is whether interest accrued but not payable at the date of death of the life tenant be paid to the remainderman or be apportioned. Section 204 of the Surrogate's Court Act requires an apportionment unless there is an express stipulation in the will against an apportionment. The language of this will constitutes a stipulation against apportionment. Somewhat similar language was so interpreted in *Matter of Dreicer* (155 Misc. 817). All income which accrued prior to the death of the life tenant but which was received afterwards should be paid to the estate of the deceased sole remainderman.

Submit, on notice, decree construing the will and settling the account accordingly.