In the Matter of the Accounting of President and Directors of MANHATTAN COMPANY, Successor by Merger to Bank of Manhattan Trust Company, as Trustee under a Trust Indenture Made by JULIUS S. CHOPAK.

Supreme Court, Special Term, New York County, October 7, 1952.

*Harold I. Cole* and *A. Philip Wolfson* for trustee, petitioner.

*Harrison F. Durand* and *Robert A. West* for Estelle Floersheimer and another, respondents.

*Harry F. Mela* for Ruben Kittenplan and another, as executors of Herman Chopak, deceased, respondents.

STEUER, J. The proceeding is brought for the settlement of the petitioner's second intermediate account as trustee under a trust created by Julius Chopak, dated May 19, 1932. There is no objection to any items of the account. One of the parties in interest has asked for a construction of a clause of the indenture and as to this, there is an issue.

The trust agreement provides that the trustee shall take possession of the various funds which are to constitute the corpus of the trust and upon the death of the donor to pay the income therefrom to his widow during her life. It provides that upon the death of his wife the trustee shall divide the trust estate into three equal parts. One part was to be paid to the donor's sister, Estelle Kallman (she has since remarried and is now Estelle Floersheimer); one part to his brother, Herman Chopak; and one part is to be kept by the trustee in trust for the donor's sister, Hattie Seidenberg. Alternative provisions providing for contingencies which did not occur are omitted.

On December 31, 1950, the donor's widow died and the distribution above provided was made. The issue here hinges on the remainder of the trust for Hattie Seidenberg. The provision in the instrument reads: " (c)  *  *  *  Upon the death of  *  *  *  Hattie Seidenberg  *  *  *  the principal of said share shall be divided equally between Estelle Kallman, sister of the donor, and Herman Chopak, brother of the Donor, or if either or both of them predecease said Hattie Seidenberg, then to their respective issue, per stirpes and not per capita."

Hattie Seidenberg and Estelle Kallman are still alive. Herman Chopak died February 27, 1951. He left no issue. His executors ask for a construction to the effect that one half of the remainder of the Seidenberg trust vested in Herman Chopak and, upon termination of the life estate, will revert to his estate. Estelle Kallman desires a construction that in the event she survives Hattie Seidenberg, the entire remainder should pass to her, and that if she does not and her issue does, it should vest in them. The construction is also advanced that half of this remainder should revert to the estate of the donor.

There are several rules laid down for the construction of instruments. These rules are generally recognized and approved but, pushed to their logical extremes, are often contradictory. There is no dispute but that the intent of the donor is to govern and that to find that intent is the object of construction. But in the search the court is limited to what can be found in the instrument itself (*Matter of Watson,* 262 N. Y. 284) plus what can be gathered from other instruments executed as a part of the same scheme of distribution (*Millard* v. *McFadden,* 185 Misc. 771). Once the scheme is discovered, the court is not bound by precise language in the instrument but may correct it so that it will have the effect that the donor intended (*First Nat. Bank & Trust Co.* v. *Palmer,* 261 N. Y. 13). An equally respected canon of construction is, where the donor employs words that have received judicial construction, it will be presumed that he intends the result that would follow from that construction (*Matter of Wittner,* 301 N. Y. 461).

The evident intent of the donor was that after his widow had enjoyed the income for her life, the remainder should be enjoyed by his brother and sisters. The indenture and a will executed simultaneously have identical provisions in this connection. At the termination of the trust for the widow, the brother and one sister (Mrs. Kallman) are to receive outright shares, if living. If either predeceases the widow, his or her share goes to his or her children, if any, and in default of such issue, to the other. That is, if the brother had died without issue during the lifetime of the widow, the one-third share that he would have received, had he survived her, goes to his sister. And the same is true of the sister. It is only in respect to the remainder of the trust for the second sister that the provision for passing to the brother or other sister, in the event of death without issue, is lacking. There is a sufficient indication of the intent of the donor testator as to the disposition of his property. It is natural to assume that the disposition provided for the larger sum (i.e., the total remainder) would be the one intended for the smaller sum (one third of the total remainder) where the only indication of a different intent is the omission of a clause only applicable in a remote contingency.

It remains to be determined whether the language used expresses the donor's intent with such certainty that no effort to discover his intent beyond those words is permissible. It is the contention of the brother's executors that the words used created a remainder in the Seidenberg trust vested in Herman

Chopak and only to be divested where he predeceases the life tenant leaving issue. It is quite true that an absolute gift of a remainder to a named person and, if he be dead, to his issue, is a vested remainder (*Matter of Krooss,* 302 N. Y. 424). The language here employed is that '' the principal of said share shall be divided equally between Estelle Kallman, sister of the donor, and Herman Chopak, brother of the Donor, or if either or both of them predecease said Hattie Seidenberg, then to their respective issue, per stirpes and not per capita.'' Ordinarily a direction to the trustee to divide is not such an absolute gift as will create a vested remainder (*Matter of Crane,* 164 N. Y. 71). The law is otherwise when the direction to divide and pay over is to named persons (*Matter of Soy,* 143 Misc. 217). But this exception to the rule is limited in application to where provisions of survivorship are not employed (*Matter of Gardner,* 140 N. Y. 122). The conclusion is that words of art fixing the donor's intent beyond the need of interpretation and precluding inquiry beyond the exact words used were not employed. At best, it is said that a direction to divide is indicative of an intent to vest the remainder (*Matter of Merriam,* 168 Misc. 932).

It follows that the construction sought by respondent Floersheimer is found to be the correct construction, and it is so ordered.