John J. Dillon, S.
In this construction proceeding the petitioner has requested the court to determine whether the testator created a trust or a legal estate for life or until remarriage under article “ third ” and “ ninth ” of his will, and further, Avhether the remainders thereof are vested or contingent.
The testator deAÚsed and bequeathed his entire residuary estate to his ‘ ‘ Trustee ’ ’ and directed that the income therefrom be paid to his Avife for life or until her remarriage. The surviving wife Avas designated as executrix and trustee under the will. The court determines that since the person designated as sole trustee and sole income beneficiary are one and the same, the testator created a legal estate for life or until remarriage rather than a trust. (Beal Property Law, § 92; Matter of Reed v. Browne, 295 N. Y. 184; Matter of Wind, 1 Misc 2d 260.)
Under article “fourth” the testator provided as follows: ‘ ‘ fourth : Upon the death or remarriage of my wife, Helen B. Oothouse, I give, deAn.sc and bequeath all of the principal of my estate to my daughters, Jacqueline Oothouse and Donna Oothouse, or the surA-ivor of them, and I direct that such estate shall be divided equally betAveen them per stirpes and not per capita.”
In Connelly v. O’Brien (166 N. Y. 406) the court interpreted the following testamentary language: “ I give all of my estate * * * to my wife Bose during her life and then to such of my children as may then be alive, share and share alike.”
In holding that a child Avho survived the testator, but predeceased the widoAV received a ATested remainder, the court in an opinion by O’Brien, J., stated at page 408: “ A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting *384 of estates. The adverbs of time, therefore, such as when, then, after, from and after, etc., in a devise of a remainder limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest. The law favors such a construction, of a will as will avoid the disinheritance of remaindermen who may happen to die before the determination of the precedent estate.”
Where a remainder is couched in terms of present gift to persons designated nomination, as in the instant case, the courts have held such gifts to be vested rather than contingent. (Spicer v. Connor, 148 App. Div. 344; Matter of Merriam, 168 Misc. 932.) The will neither indicates that vesting of the remainders be postponed until the death of the widow, nor does it expressly or impliedly provide that any such remainder be divested in the event that the named remaindermen predecease the widow. Accordingly, the court determines that upon the death of testator, the remainders created under article “ fourth ” became absolutely vested in the two named children.
The time within which the surviving spouse is authorized to file a notice of election is extended for a period of 60 days from the date of this decision.
Settle decree.