John J. Dillon, S.
In this accounting proceeding the executor requests a construction of Article “ third ” of the will which provides as follows:
“ Third: I have some stock in the New York Telephone Company, and I give and bequeath the income and interest therefrom ■during the life of saveria mobilio to said saveria mobilio, via Guavedva, Parrochio S. Pietro, Ariano, Irpino, Avelliano. In the event said saveria mobilio predeceases me, then I give the income and interest from said stock to mary soappeerotti, who resides at 4 Manor Place, New Rochelle, New York. Upon the death of the survivor of saveria mobilio and mary soappeerotti, I give the rest, residue and remainder in said telephone stock to said albert soappeerotti and gloria soappeerotti, to be theirs absolutely and forever, share and share alike.
“ In connection with any bequest to said albert soappeerotti or gloria soapperrotti under this Will, I direct that in case either one predeceases me, then the share that either one would have taken if living, will go to the children of either albert soappeerotti or gloria scAPPERROTTi. In the event either one dies and leaves no children, then the said share of the one so dying will go to the survivor of albert soappeerotti or gloria SOAPPEEROTTI.”
The testator died a resident of Westchester County on October 24, 1957 and his will dated January 11, 1950 was duly admitted to probate pursuant to a decree of this court dated March 3, 1958. The uncontroverted allegations contained in the petition allege that the decedent had never owned any stock in the New York Telephone Company but that at the time his will was executed and at the time of his death he did own stock in the American Telephone and Telegraph Company. It is thus obvious that the testator intended to dispose of the stock owned by him in American Telephone and Telegraph Company under Article ‘ ‘ third ’ ’ and the will is so construed.
*113 The primary lifetenant named in Article ‘ ‘ third ’ ’ predeceased the testator, and, accordingly, the court determines that Mary Scapperrotti is entitled to the ‘ ‘ income and interest ’ ’ from the stock disposed of under Article “ third ” during her lifetime. The court further determines that upon the death of testator the remainders created under Article ‘ ‘ third ’ ’ became absolutely vested in the two named remaindermen. (Matter of Oothouse, 13 Misc 2d 382.)
This matter is restored to the calendar for February 10, 1959, at 10:30 a.m. to set a date for a hearing to enable the petitioners to establish their claims. (Surrogate’s Ct. Act., § 212.)
Proceed accordingly.