19579

Newton Brunson LOADHOLT, III, et al., Respondents, v. Frances L. HARTER et al., Appellants

(194 S. E. (2d) 880)

*Edward Mirmow, Jr., Esq.,* of Orangeburg, *for Appellants,*

*Miles Loadholt, Esq.,* of *Blatt, Fales, Peeples, Bedingfield & Loadholt,* Barnwell, *for Respondents,*

March 1, 1973.

*Per curiam:*

The defendants Barbara L. Mirmow and Frances L. Jordan have appealed from the rulings of the Honorable William L. Rhodes, Jr., Resident Judge of the Fourteenth Judicial Circuit, as set forth in his order dated August 17, 1972. A review of the record convinces us that the order of Judge Rhodes sets forth and properly disposes of all of the issues raised on this appeal. His order, with minor changes set forth in brackets to improve clarity, shall be printed herewith as the opinion of the Court.

## ORDER

This is an action for Declaratory Judgment brought pursuant to Sections 10-2001 *et seq.* of the Code of Laws of South Carolina (1962) to determine title to the following real property located in Allendale County, South Carolina:

"All that certain tract of land containing 243 acres, more or less, known as the 'Wilson Place' situate in the Fairfax School District, County of Allendale, State of South Carolina, said tract being bounded now or formerly as follows: On the North by lands of Geraldine Sanders; on the East by lands of Frances L. Harter and lands of the Estate of J. B. O'Neal; on the South by lands of the Estate of George Sanders and lands of James Main; and on the West by lands of Robbie Bowers, lands of Catherine L. Copeland and Josie L. Green and other lands of the Estate of Newton Brunson Loadholt."

Although there are several additional questions raised by the pleadings, which are contingent upon the result reached by the Court on the primary issue here involved, the parties

agree that the initial question to be determined by the Court is title to the above described property. The facts have been stipulated, and the issue involves the construction of the Will of Miles Loadholt, who died testate in 1919 leaving in full force and effect a Will recorded in Bundle 1, at Package 10, in the office of the Judge of Probate for Allendale County, South Carolina, wherein he devised the subject property in Item 4 of the said Will as follows:

"I give and bequeath to my son, Newton Brunson Loadholt, all my plantation known as the 'Wilson Place' lying south of the center ditch; also one lot that he now owns, to have and to hold the same during his natural life, to use and enjoy the rents and profits so long as he lives, and after his death to vest absolutely in his children, share and share alike."

Newton Brunson Loadholt, the life tenant, had four children, all of whom were in being at the death of the testator. The life tenant died on May 24, 1971, survived by three of his children, namely, the defendants Frances L. Harter, Catherine L. Copeland and Josie L. Green. The life tenant also had a predeceased son, Newton Brunson Loadholt, Jr., who died testate on October 19, 1959, leaving a Will recorded in Bundle 60, at Package 13, in the office of Judge of Probate for Allendale County, wherein he devised his entire estate to the plaintiffs herein in the following manner: one-third to his wife, Dorothea B. Loadholt, and two-thirds to be divided among three of his children, namely, Newton Brunson Loadholt, III, Claude Boyd Loadholt and Patricia Loadholt (Snipes). Newton Brunson Loadholt, Jr., also had two other children, namely, the remaining defendants herein, Barbara L. Mirmow and Frances L. Jordan, who received nothing under their father's will.

The defendants Frances L. Harter, Catherine L. Copeland, and Josie L. Green were duly served and filed answers requesting the Court to protect their interest in the subject property but were not represented by counsel at the hearing before the Court. All of the remaining parties to this action

agree that each of these defendants is entitled to one-fourth fee-simple interest in the subject property.

[The controversy is essentially one between the plaintiffs who take under the Will of Newton Loadholt, Jr., and defendants Barbara L. Mirmow and Frances L. Jordan who do not take under that Will.] The plaintiff's contend that [Newton Loadholt, Jr.,] possessed a vested remainder in the property which passed to them under the terms of his Will. The defendants [Mirmow and Jordan] concede that if the interest were vested, it passed to the plaintiffs under their father's Will, but assert that their father possessed only a contingent remainder which could not be devised while the life tenant was still alive.

"In determining the vested or contingent nature of the remainder, it must be kept in mind that the law favors the vesting of estates at the earliest time possible; and whenever there is doubt as to whether an interest is vested or contingent, the Court will construe it as vested." *White v. White,* 241 S. C. 181, 186, 127 S. E. (2d) 627, 629 (1962). "(T)he rule is to, presume that the testator intended to give an absolute rather than a qualified estate, and a vested rather than a contingent interest; and even where the words import a contingency, but do not create a condition precedent, they give a vested interest to the devisee, subject however, to be divested if the contigency should not happen." *Walker v. Anderson,* 87 S. C. 55, 68 S. E. 966, 967 (1910).

It is a general rule that a remainder to all persons of a specified class will vest in those of the class in existence at the time of the testator's death, and the fact that the quantum of interest in remainder held by those *in esse* is subject to diminution by birth of other members of the class does not make the interest contingent. 28 Am. Jur. (2d) Estates § 280 (1966). As stated in *McFadden v. McFadden,* 107 S. C. 101, 91 S. E. 986 (1916), "The well recognized rule is that when there is a devise to 'heirs' as a class, they take at the death of the testator, unless a different

time is fixed by the word 'surviving' or some other equivalent expression."

The defendants contend that in using the word "vest" in his Will, the testator chose a technical word in order to postpone vesting until the death of the life tenant. It is clear however, that such a choice of words by the testator does not preclude a contrary intention.

"In arriving at the intent of the grantor it must be borne in mind that the word 'vest' has a double meaning. It is employed to denote either 'a vesting in interest,' or a 'vesting in possession'. If employed by the grantor in the latter sense, it would have no further effect than if the grantor had declared that the property at death of the life tenant was 'to go, to and be possessed by' the remaindermen." *Burney v. Arnold,* 134 Ga. 141, 67 S. E. 712, 715 (1910).

After careful study of the entire clause "and after his death to vest absolutely in his children", it is the opinion of the Court that the testator's purpose in using such language was to clearly indicate that the children of the life tenant were to possess the entire fee as distinguished from the life estate devised to their father. With the strong presumption in favor of the early vesting of estates, I am unable to conclude that Miles Loadholt ever intended to create a condition precedent when he chose the term "vest absolutely".

Even if the testator had intended to use the word "vest" in its most technical sense, however, the Court is not convinced that the defendants are correct in asserting that such language would have created a contingent remainder in the children of the life tenant with the death of the life tenant being the condition precedent to their absolute ownership. Although the cardinal rule of construction is to ascertain and effectuate the intention of the testator, this rule is qualified by the requirement that the result must not violate a settled rule of law. *Gist v. Brown,* 236 S. C. 31, 113 S. E. (2d) 75 (1960). One of the essential elements that

distinguishes a contingent remainder is the existence of a condition precedent to the enjoyment of the property. *Lee v. Citizens & Southern National Bank,* 253 S. C. 566, 172 S. E. (2d) 114 (1970). Under South Carolina law, it is doubtful whether death alone could ever qualify as such a condition precedent.

"(T)he most marked distinction between the two kinds of remainders is that in the one case the right to, the estate is fixed and certain, though the right to the possession is deferred to some future period; while in the other the right to the estate as well as the right to the possession of such estate is not only deferred to a future period but is dependent upon the happening of some future contingency." *Faber v. Police,* 10 S. C. 376, 386 (1877).

"It is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment which marks the difference between a vested and contigent interest . . . *(N)o degree of uncertainty as to the remainderman's ever enjoying his remainder will render it contingent, provided he has, by the limitation, a present absolute right to enjoy the instant the prior estate should determine."* Walker v. Alverson, 87 S. C. 55, 68 S. E. 966, 968 (1910); (Emphasis added) accord, *Peoples National Bank of Greenville v. Hable,* 243 S. C. 502, 510, 134 S. E. (2d) 763 (1964).

"(A) contingent remainder is one limited to, take effect either to a dubious and uncertain person or upon a dubious and uncertain event . . ." *Walker v. Alverson, supra,* 68 at 968.

Since it is undisputed in the present case that the remainderman had an absolute right to enjoyment of the property the instant the prior estate terminated, it would be difficult to conclude that the death of Newton Brunson Loadholt, Jr., was such a dubious and uncertain event as to create a contingent remainder. Indeed there is nothing more certain in life than death. Furthermore, since this is a gift to a class, under the rule laid down in McFad-

den, *supra,* only an expression equivalent to "surviving" can create the requisite contingency, and it is well established in South Carolina that such words as "at her death" and "on his death" do not impose such a condition of surviorship but only fix the time when the remainderman is entitled to possession. See *White v. White,* 241 S. C. 181, 186, 127 S. E. (2d) 627 (1962).

This Court having found that the remainder interest created under the Will of Miles Loadholt is vested rather than contingent, it follows that such vested interest was subject to being devised by Newton Brunson Loadholt, Jr. See *Peoples National Bank of Greenville v. Hable,* 243 S. C. 502, 134 S. E. (2d) 763 (1964). It is therefore,

*Ordered* that the title to the subject real estate be, and the same hereby is, determined to be as follows: one-fourth fee simple interest to Frances L. Harter; one-fourth fee simple interest to Catherine L. Copeland; one-fourth fee simple interest to Josie L. Green; and one fourth-fee simple interest to be distributed among the devisees of Newton Brunson Loadholt, Jr., in accordance with the terms of his Will.